UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

FERNANDO SUAZO-LEYVA,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 2:25-cv-284

Honorable Paul L. Maloney

## ORDER

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Chippewa County Correctional Facility in Sault Ste. Marie, Chippewa County, Michigan, initiated this action on December 2, 2025, by filing a counseled combined petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief. (Pet., ECF No. 1.) This matter is now before the Court on Petitioner's emergency motion to enforce the judgment (ECF No. 9). For the following reasons, the Court will grant Petitioner's motion.

### Discussion

**I.    Procedural History**

By opinion and judgment entered December 26, 2025, the Court conditionally granted Petitioner's petition for a writ of habeas corpus, concluding that Respondents had violated Petitioner's due process rights and directing Respondents to:

> provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of th[e] judgment, or, in the alternative, immediately release Petitioner from custody . . . and [to]

> within six business days of the date of th[e] judgment, . . . file a status report with the Court to certify compliance with the Court's opinion and judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

(J., ECF No. 8, PageID.102.) Under Rule 6 of the Federal Rule of Civil Procedure, the fifth business day after December 26, 2025, was January 5, 2026.

On January 5, 2026, Petitioner filed an emergency motion to enforce the judgment, contending that Respondents failed to comply with the Court's judgment and asking the Court to order Petitioner's immediate release. (Emergency Mot., Supp., Letter, ECF Nos. 9, 10, 11.) On January 12, 2026, Respondents filed the status report contemplated by the Court's judgment, stating that they attempted to hold a hearing on January 5, 2026, but that Petitioner's counsel failed to appear for the hearing. (Status Rep., ECF No. 12.) The Court issued an order to show cause on January 13, 2026, directing Respondents to show cause in writing why Petitioner should not be released for Respondents failure to conduct a hearing on or before January 5, 2026, as set forth in the judgment. (Ord., ECF No. 13.) Respondents filed their response on January 15, 2026, (ECF No. 14), and Petitioner filed his reply on January 21, 2026, (ECF No. 15).

## II.     Relevant Factual Background

The facts concerning Petitioner's motion are largely not in dispute. On January 5, 2026, at 9:51 a.m., Petitioner's counsel contacted Respondents inquiring as to whether Respondents would be releasing Petitioner as Petitioner had not received a bond hearing and counsel had not received notice that a bond hearing would be held that day. (Emergency Mot., ECF No. 9, PageID.104–105.) Respondents' counsel then contacted ICE to inquire about the status of Petitioner's bond

hearing. (ECF No. 14, PageID.126.) At 10:16 a.m.[1], Petitioner's counsel received an email notice scheduling a bond hearing for January 6, 2026, at 10:00 a.m. (Sanchez Decl. ¶ 11, ECF No. 15-2, PageID.142.) Then, at 10:29 a.m., Petitioner's counsel received a second email notice scheduling a bond hearing for 10:30 a.m. on January 5, 2026. (*Id.* ¶ 12.) According to the document properties accessed by Petitioner's counsel, the second notice of hearing was created on January 5, 2025, at 10:27 a.m. (ECF No. 10-1, PageID.111.)

At approximately 10:45 a.m., "Maria" from the Detroit Immigration Court called Petitioner's counsel's office asking to speak with Petitioner's counsel. (Sanchez Decl. ¶¶ 13–14, ECF No. 15-2, PageID.142–143.) Savannah Sanchez, the Litigation Department Supervisor for the office of Petitioner's counsel, informed Maria that Petitioner's counsel was in immigration court and asked to take a message. (*Id.* ¶ 14.) Maria responded, "It's in reference to a case that I was looking to schedule today . . . It's a district court bond request, and I was looking to schedule it today." (*Id.* ¶ 15.) Maria told Ms. Sanchez that she wanted to schedule the hearing in "half an hour." (*Id.*)

Ms. Sanchez spoke with Petitioner's counsel, who was still in immigration court. (*Id.* ¶ 16.) Ms. Sanchez then returned Maria's call, explaining that Petitioner's counsel "is currently still in court right now, and she still has…they have her… so, I don't know how much longer it is going to take, but she said that there's no availability for somebody to take the hearing today." (*Id.*) Maria said, "OK, thank you so much." (*Id.* ¶ 17.) Petitioner's counsel's office did not receive any further communications regarding Petitioner's case on January 5, 2026. (*Id.*)

---

[1] For simplicity, the Court has used the times for the Eastern Time Zone, where the Court and Petitioner are located.

At some point on January 5, 2026, an Executive Office for Immigration Review (EOIR) clerk told ICE that Petitioner's counsel was not available for a hearing but that a hearing would be nonetheless scheduled that day "to comply with this Court's judgment." (ECF No. 14, PageID.126–127.)

No hearing was held on January 5, 2026, at the noticed time of 10:30 a.m. Instead, a hearing was held at 4:22 p.m. on January 5, 2026. (*Id.*, PageID.127.) As the immigration judge explained in his January 5, 2026, order:

> The Court called respondent's case today for a bond hearing today. The Court's staff was informed by respondent's counsel that counsel was not available for a bond hearing today. Respondent told the Court that his attorney believes the bond hearing is tomorrow at 10 am. The Court finds that it has complied with the District Court's order to conduct a bond hearing by today's date, but the Court will schedule a second bond hearing for tomorrow.

(ECF No. 12-1, PageID.116.)

A bond hearing was held the following day, January 6, 2026, at which time the immigration judge denied bond, stating: "Denied because Danger." (ECF No. 12-3, PageID.121.)

### III.   Discussion

Based upon the Court's review of the briefs filed by the parties and the evidence presented, the Court finds that the Government did not hold a timely bond hearing under 8 U.S.C. § 1226(a) as ordered by the Court. While the immigration court may have convened a hearing on Petitioner's case on January 5, 2026, the fifth and final day on which to hold a bond hearing, Petitioner was not provided with any notice that the hearing would take place at 4:22 p.m. on January 5, 2026, and a bond hearing was not held at that time.

Accordingly,

**IT IS ORDERED** that, Respondents shall release Petitioner from custody, subject to any conditions that existed under Petitioner's December 5, 2011, Order of Release on Recognizance.

**IT IS FURTHER ORDERED** that Respondents are enjoined from re-detaining Petitioner absent a material change in circumstances unless the requirements of due process have been satisfied.

**IT IS FURTHER ORDERED** that as soon as practicable but no later than 24 hours after the entry of this Order, Respondents shall file a status report with the Court to certify compliance with the Court's order.

Dated:   February 13, 2026                             /s/ Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge